WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendants, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3 (incorrectly sued as THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3, a national association) and RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY MANNELLO, an individual, | Case No. 2:15-cv-08669 GW (GJSx) |
| Plaintiff, | **DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3, a national association; RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation; QUALITY LOAN SERVICE CORPORATION, a California corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

COMES NOW, the Defendants, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3 (incorrectly sued as THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3, a national association) ("BNYM"), and RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation ("RCS") (collectively "Defendants") and hereby respond to the Complaint of Plaintiff, SHERRY MANNELLO ("Plaintiff"), as follows:

**PRELIMINARY STATEMENT**

Any allegation not specifically admitted by Defendants is hereby denied. Defendants maintain their assertion that Plaintiff is unable to state a claim upon which relief can be granted against Defendants.

1. Defendants lack sufficient information or belief to answer the allegations contained in Paragraph 1 of the Complaint and therefore deny generally and specifically the allegations therein.

2. As to the allegations of Paragraph 2 of the Complaint, Defendants admit and aver that BNYM is a Delaware corporation with its principal place of business in New York, New York and that it is the trustee of the trust that is the beneficial interest holder of Plaintiff's note.

3. As to the allegations of Paragraph 3 of the Complaint, Defendants admit co-Defendant Quality Loan Service Corporation is and all times relevant to this action was, the trustee of the deed of trust which is in issue in this complaint and that Quality provided certain notices as required of a trustee to provide.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants lack sufficient information or belief to answer the allegations contained in Paragraph 5 of the Complaint and therefore deny generally and specifically the allegations therein.

6. Defendants lack sufficient information or belief to answer the allegations contained in Paragraph 6 of the Complaint and therefore deny generally and specifically the allegations therein.

## BACKGROUND FACTS

7. Defendants admit the first sentence of Paragraph 7 of the Complaint. As to the second sentence of Paragraph 7 of the Complaint, Defendants admit and aver that the loan was an adjustable interest rate loan obtained in December 2012, under which the starting interest rate of the loan continued from that date until January 1, 2013 at which time it would adjust. Otherwise, Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. As to the allegations of Paragraph 9 of the Complaint, Defendants admit that BNYM is THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3 and deny that BNYM it is the master servicer of Plaintiff's loan.

10. Defendants admit and aver that the loan was an adjustable rate interest loan which Plaintiff obtained in December 2012, and under which the starting interest rate of the loan continued from that date until January 1, 2013, at which time it would adjust. Otherwise, Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11. Defendants admit and aver that as of November 1, 2012, Plaintiff was in default on her loan and that Plaintiff and RCS were in contact with each

-3-
DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

other regarding loss mitigation on Plaintiff's loan. Otherwise, Defendants deny generally and specifically the remaining allegations of Paragraph 11 of the Complaint.

12. Defendants admit and aver that Plaintiff defaulted on her loan payments by failing to make the monthly loan payment due November 1, 2012 and each month thereafter. Otherwise, Defendants lack sufficient information and belief as to the reasons for Plaintiff's default, and therefore deny generally and specifically that Plaintiff stopped making payments on her loan based upon any alleged conduct of RCS.

13. Defendants admit and aver that on September 11, 2014, a Notice of Default recorded against the real property which was given as security for Plaintiff's loan. Otherwise, Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14. Defendants admit and aver that during the month of June 2015, Plaintiff submitted a loan modification application packet to RCS, that RCS denied the application during the month of July 2015, that Plaintiff attempted to appeal that denial and RCS denied that appeal during the month of July 2015. Otherwise, Defendants deny generally and specifically the remaining allegations of Paragraph 14 of the Complaint.

15. Defendants admit and aver that on September 4, 2015, a Notice of Trustee's Sale recorded. Otherwise, Defendants deny the remaining allegations of paragraph 15 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (FOR VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 2923.5
### Against all named Defendants and DOES 1 through 25, inclusive)

16. As for the allegations of Paragraph 16 of the Complaint, Defendants repeat, reallege and incorporate herein by reference each and every averment set

forth in the preceding paragraphs 1 through 15 of the Complaint herein as though fully set forth in full.

17.  As for the allegations of Paragraph 17 of the Complaint, Defendants admit that California Civil Code Section 2923.5 speaks for itself.

18.  Defendants deny generally and specifically all of the allegations of Paragraph 18 of the Complaint.

19.  Defendants deny generally and specifically all of the allegations of Paragraph 19 of the Complaint, and specifically deny that any conduct on behalf of Defendants was willful, deliberate or in conscious disregard of the rights of Plaintiff.

## SECOND CLAIM FOR RELIEF
## (FOR VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 2924.11
## Against all named Defendants and DOES 1 through 25, inclusive)

20.  As for the allegations of Paragraph 20 of the Complaint, Defendants repeat, reallege and incorporate herein by reference each and every averment set forth in the preceding paragraphs 1 through 19 of the Complaint herein as though fully set forth in full.

21.  As for the allegations of Paragraph 21 of the Complaint, Defendants admit that California Civil Code Section 2924.11 speaks for itself.

22.  Defendants admit and aver that during the month of June 2015, Plaintiff submitted a loan modification application packet to RCS, that RCS acknowledge receipt of the loan modification application package but that RCS denied the application during the month of July 2015, that Plaintiff attempted to appeal that denial and RCS denied that appeal during the month of July 2015, and that a Notice of Trustee Sale recorded on September 4, 2015.  Otherwise, Defendants deny generally and specifically the remaining allegations of Paragraph 22 of the Complaint.

///

23. Defendants deny generally and specifically all of the allegations of Paragraph 23 of the Complaint.

24. Defendants deny generally and specifically all of the allegations of Paragraph 24 of the Complaint, and specifically deny that any conduct on behalf of Defendants was willful, deliberate or in conscious disregard of the rights of Plaintiff.

### THIRD CLAIM FOR RELIEF
### (FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Against all BNYM, RCS and DOES 1 through 25, inclusive)

25. As for the allegations of Paragraph 20 of the Complaint, Defendants repeat, reallege and incorporate herein by reference each and every averment set forth in the preceding paragraphs 1 through 24 of the Complaint herein as though fully set forth in full.

26. Defendants lack sufficient information or belief to answer the allegations contained in Paragraph 26 of the Complaint in that Plaintiff has failed specifically to identify the contract which she alleges was formed between her and any predecessor in interest of BNYM, and therefore is unable to further respond to the allegations of Paragraph 26 of the Complaint.

27. As to the allegations of Paragraph 27 of the Complaint, Defendants deny that they have breach any covenant of good faith and fair dealing with respect to Plaintiff or any contract Plaintiff had or may have had with Defendants.

28. Defendants deny generally and specifically all of the allegations of Paragraph 28 of the Complaint and specifically deny that Plaintiff has suffered damages of any kind or in any amount whatsoever.

/ / /

/ / /

/ / /

DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

**FOURTH CLAIM FOR RELIEF**

**(FOR INJUNCTIVE RELIEF**

**Against all named Defendants and DOES 1 through 25, inclusive)**

29.     As for the allegations of Paragraph 29 of the Complaint, Defendants repeat, reallege and incorporate herein by reference each and every averment set forth in the preceding paragraphs 1 through 28 of the Complaint herein as though fully set forth in full.

30.     As to the allegations of Paragraph 30 of the Complaint, Defendants admit and aver that a Notice of Default recorded on September 11, 2014 and that a Notice of Trustee's Sale recorded on September 4, 2015.  Otherwise, Defendants deny generally and specifically the remaining allegations of Paragraph 30 of the Complaint.

31.     Defendants deny generally and specifically all of the allegations of Paragraph 31 of the Complaint.

32.     Defendants deny generally and specifically all of the allegations of Paragraph 32 of the Complaint.

33.     Defendants deny generally and specifically all of the allegations of Paragraph 33 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**(FOR UNFAIR BUSINESS PRACTICES**

**Against all named Defendants and DOES 1 through 25, inclusive)**

34.     As for the allegations of Paragraph 34 of the Complaint, Defendants repeat, reallege and incorporate herein by reference each and every averment set forth in the preceding paragraphs 1 through 33 of the Complaint herein as though fully set forth in full.

35.     Defendants deny generally and specifically all of the allegations of Paragraph 35 of the Complaint.

///

DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

36. Defendants deny generally and specifically all of the allegations of Paragraph 36 of the Complaint and specifically deny that Plaintiff has suffered damages of any kind or in any amount whatsoever.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief requested in Paragraphs 1 through 8 of her Prayer for Relief.

## AS AND FOR THEIR SEPARATE AFFIRMATIVE DEFENSES, DEFENDANTS HEREBY ALLEGE AND AVER AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Defendants allege that Plaintiff has failed to state facts sufficient to constitute any claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendants allege that the purported acts and/or omissions of Defendants, as alleged in Plaintiff's Complaint, were not the actual or proximate cause of the loss or damage, if any, for which Plaintiff seeks recovery.

### THIRD AFFIRMATIVE DEFENSE
### (Direct and Proximate Result of Other Parties)

Defendants allege that Defendants are neither liable nor responsible for the alleged damages or injuries to Plaintiff, if any, because any such damages or injuries were the direct and proximate result of the independent and intervening negligence and/or intentional conduct of Plaintiff and/or other parties and their agents, servants and/or employees.

///
///
///
///

-8-
DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants allege that Plaintiff's claims in the Complaint are barred in whole, or in part, because of Plaintiff's failure to take reasonable steps to mitigate her damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants allege that Plaintiff's claims in the Complaint are barred by the equitable doctrine of unclean hands due to Plaintiff's own conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants allege that, by reason of her own acts and omissions, Plaintiff has waived her rights and is, therefore, estopped from asserting the claims in the Complaint against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants allege that, by reason of her own acts and omissions, Plaintiff is estopped from asserting the claims in the Complaint against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants allege that Plaintiff has waived and is, therefore, estopped from asserting any claim or claims against Defendants in the Complaint, since Plaintiff has consented, or is deemed to have consented, to the conduct complained of in the Complaint.

///
///
///
///

## NINTH AFFIRMATIVE DEFENSE
### (Justification/Privilege)

Defendants allege that Plaintiff's claims in the Complaint are barred since Defendants' conduct as alleged in the Complaint, if any, was justified and/or privileged.

## TENTH AFFIRMATIVE DEFENSE
### (Contractual Damages Only)

Defendants allege that the rights and remedies of Defendants and the other parties to this action are governed, where applicable, by the terms and conditions of the contracts and agreements between them relating to the subject matter of this action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Off Set)

Defendants allege that the court should off-set against any award which may be made to Plaintiff, the amount owing by the Plaintiff to Defendants.

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Fault of Plaintiff)

Defendants allege that any damages sustained by Plaintiff were caused by Plaintiff's own acts, errors, negligence or omissions and, therefore, any award in favor of Plaintiff should be reduced by that proportion of fault.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Indemnity and Contribution)

Defendants allege that they are entitled to contribution from any party found jointly and severally liable, and are entitled to indemnity and contribution as proven at trial under equitable principles.

///

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

Defendants allege that Plaintiff is not entitled to any relief against Defendants because Defendants acted in good faith and in a commercially reasonable manner with respect to the subject matter of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acts Contractually Authorized)

Defendants allege that Plaintiff agreed to be governed by the terms and conditions of the Promissory Note and Deed of Trust and the actions of Defendants were authorized pursuant to the terms and conditions thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Liability for Conduct of Agents)

Defendants allege that, if any party to the action is alleged to be the agent of Defendants, such party's alleged acts and omissions were not authorized or ratified by Defendants, and, therefore, Defendants are not liable for such conduct vicariously.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions and transactions upon which she now bases her various claims for relief, and with such knowledge, Plaintiff undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Particularity)

The Compliant does not describe the claims against Defendants with sufficient particularity and certainty to enable Defendants to determine what defenses may exist. Defendants reserve the right to assert all defenses that may be

pertinent to or arise from Plaintiff's claims against it when the precise nature of those claims have been ascertained.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees and Costs)

The initiation of this action has compelled Defendants to engage the law firm of Wright, Finley & Zak, LLP, and to incur the fees and costs occasioned thereby. Upon prevailing herein, Defendants are entitled to the award thereof.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Compliance with Statutes)

At all times relevant to the Complaint, Defendants complied with all applicable state and federal statutes.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Damages)

Plaintiff has suffered no damages as a result of any of the alleged acts or omissions of Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file herein;
2. For reasonable attorney's fees;
3. For costs of suit incurred herein; and

///
///

-12-
DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

1  4. For such other and further relief as the court may deem just
2  and proper.

3                                          Respectfully submitted,

4                                          **WRIGHT, FINLAY & ZAK, LLP**

5 Dated: November 9, 2015      By:*/s/ Patricia L. Penny*

T. Robert Finlay, Esq.
Patricia L. Penny, Esq.
Attorneys for Defendants, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3 (incorrectly sued as THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3, a national association), and RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation

DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

## VERIFICATION

I, M. Yvette Howard, am an Assistant Vice President of Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS") a defendant in this action. I am authorized to make this verification on behalf of both RCS as well Defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY3, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-HY3 ("BNYM"), as RCS is the attorney-in-fact for BNYM.

I have read the foregoing VERIFIED ANSWER TO THE COMPLAINT in the matter of SHERRY MANNELLO v. THE BANK OF NEW YORK MELLON, etc., et. al, U.S. District Court Central District of California, Case No. 2:15-cv-08669-GW-GJS, and know its contents. The same is true of my own knowledge except as to those matters stated upon information and belief, and to the extent that there are legal conclusions as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this verification was executed on this 9th day of November 2015, in Fort Worth, Texas.

By: _M. Yvette Howard_
Declarant

# PROOF OF SERVICE

I, L. ROBLEY, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 9, 2015, I served the within **DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action as follows:

| | |
|---|---|
| Aidan W. Butler, Esq. | Attorney for Plaintiff, |
| Attorney at Law | Sherry Mannello |
| 3550 Wilshire Blvd, Suite 1924 | |
| Los Angeles, CA 90010 | |
| Email: tocontactaidan@gmail.com | |

[X]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 9, 2015, at Newport Beach, California.

_L. Robley_
L ROBLEY